UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:

**03-14373 CIV-MIDDLEBROOKS**

MAGISTRATE JUDGE
LYNCH

ROSALENE BERNARD,

    Plaintiff,

vs.

JOHN'S ISLAND CLUB, INC.,
a Florida corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND OTHER RELIEF**
**(Jury Trial Demanded)**

    Plaintiff ROSALENE BERNARD (hereinafter "BERNARD") sues Defendant JOHN'S ISLAND CLUB, INC. (hereinafter "JOHN'S ISLAND") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e (hereinafter "Title VII") and alleges:

    1.   Jurisdiction to hear the claims alleged in this judicial complaint is conferred upon this Court by 28 U.S.C. Section 1331 and Title VII, generally.

    2.   Venue is proper in this district because JOHN'S ISLAND has a principal place of business in Indian River County, Florida, and the unlawful acts and practices that gave rise to

the claims asserted in this judicial complaint all occurred within Indian River County, Florida.

### PARTIES

3. BERNARD is *sui juris* and a resident of St. Lucie County, Florida, and she was employed by JOHN'S ISLAND for nearly eight (8) years, from October of 1995 until March of 2003, as a Pantry Cook.

4. At all material times, JOHN'S ISLAND was an "employer" within the meaning of that term as set forth in Title VII.

5. JOHN'S ISLAND is a corporation organized and existing under the laws of the State of Florida which is doing business and has a principal place of business in Indian River County, Florida.

6. At all material times, JOHN'S ISLAND and certain of its agents and/or supervisory employees engaged in certain unlawful acts and practices which are described elsewhere in this judicial complaint. As a result of those unlawful acts and practices, BERNARD was discriminated and retaliated against, her rights under Title VII were violated, and she was damaged.

### NATURE OF RELIEF SOUGHT

7. This action is brought to recover from JOHN'S ISLAND lost wages/salary, lost employment benefits and other

compensation, interest thereon, compensatory damages, punitive damages, equitable relief in the form of reinstatement, the costs of this suit and reasonable attorney's fees under the applicable provisions of Title VII and other applicable laws.

**DEMAND FOR JURY TRIAL**

8. BERNARD demands a trial by jury of all issues, claims and defenses (if any) so triable as of right in this action pursuant to Fed. R. Civ. P. 38.

**CONDITIONS PRECEDENT**

9. BERNARD has complied with all conditions precedent to the bringing of this action, or such conditions have been waived or excused, to-wit:

10A. Before filing this action, BERNARD exhausted her administrative law remedies by filing a Charge of Discrimination alleging the same or substantially similar conduct by JOHN'S ISLAND as is alleged in this judicial complaint with the Florida Commission on Human Relation (hereinafter "FCHR") in Tallahassee, Florida, and the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") in Miami, Florida.

10B. Thereafter, the EEOC issued to BERNARD its Notice of Right to sue. A copy of the EEOC's Notice of Right to Sue is attached hereto and marked Exhibit "1". This action is being timely filed within ninety (90) days of BERNARD's receipt of the

EEOC's Notice of Right to Sue (BERNARD reserves the right to amend this judicial complaint to allege her claim against JOHN'S ISLAND under the FCRA upon the passage of 180 days from the filing of her Charge of Discrimination with the FCHR).

### ATTORNEY'S FEES

11. BERNARD has engaged the services of the undersigned legal counsel to prosecute this action on her behalf and has agreed to pay them a reasonable fee for their services herein.

### ENTITLEMENT TO ATTORNEY'S FEES

12. Pursuant to the applicable provisions of Title VII, Fed. R. Civ. P. 54, and other federal laws, BERNARD will be entitled to an award of her reasonable attorney's fees and the costs of this suit if she becomes the prevailing party in this action.

### BACKGROUND FACTS

13. BERNARD is a black female whose national origin is Haitian and who is fifty-two (52) years of age as of the filing of this action.

14. BERNARD was employed with JOHN'S ISLAND for nearly eight (8) years, between October of 1995 and March of 2003, as a Pantry Cook.

15. On March 21, 2003, JOHN'S ISLAND terminated BERNARD's employment.

16. In early 2003, one of BERNARD's supervisors at JOHN'S ISLAND, Betty Miller, asked BERNARD to translate from the Creole language into English for one of BERNARD's Haitian co-workers (Yanick, last name unknown) who had reported an incident of workplace sexual harassment/assault by another co-worker (Pedro Cadavil). Yanick did not speak English, only Creole.

17. Thereafter, on or about February 13, 2003, BERNARD was subpoenaed to testify and did testify in Mr. Cadavil's criminal prosecution arising out of the same sexual harassment/assault charges at the State Attorney's Office in Indian River County, Florida.

18. JOHN'S ISLAND was fully aware that BERNARD had been was subpoenaed by the State Attorney and that she had testified in the criminal prosecution against her co-worker (Mr. Cadavil) and had otherwise rendered assistance to her other co-coworker (Yanick) in connection with Yanick's complaint that she was sexually harassed/assaulted by Mr. Cadavil while at her JOHN'S ISLAND workplace.

19. Indeed, shortly after BERNARD's participation in Yanick's report of the workplace sexual harassment/assault incident, JOHN'S ISLAND terminated Mr. Cadavil's employment.

20. Prior to her participation in Yanick's report of the workplace sexual harassment/assault incident, BERNARD's employment record with JOHN'S ISLAND was unblemished and her job performance was consistently rated satisfactory or higher.

21. Immediately after her participation in Yanick's report of the workplace sexual harassment/assault incident, BERNARD was given excessive work assignments by her supervisors at JOHN'S ISLAND and she was not allowed to take the 30-minute daily breaks that she had been allowed to take before her participation in Yanick's report of the sexual harassment incident.

22. There on March 10-11, 2003, BERNARD was unjustly accused of stealing packages of cold cuts from JOHN'S ISLAND's kitchen, an act which she did not commit.

23. Thereafter, BERNARD was questioned extensively by the Kitchen Manager at JOHN'S ISLAND, John Farnsworth, who sent her home on March 15, 2003 when she became distraught because of the theft accusation made against her.

24. On March 19, 2003, BERNARD was informed by the Human Resources Manager at JOHN'S ISLAND that a notice pertaining to her employment status had been issued, however, BERNARD was denied any opportunity to see such notice.

25. Thereafter, on March 21, 2003, JOHN'S ISLAND terminated BERNARD's employment without cause and for false and pretextual reasons.

26. JOHN'S ISLAND subjected BERNARD to disparate and discriminatory treatment with respect to terms, conditions and privileges of her employment when it terminated her employment on March 21, 2003.

27. Moreover, JOHN'S ISLAND retaliated against BERNARD for engaging in protected expression/participating in protected activity because she rendered assistance to Yanick in reporting the incident of sexual harassment/assault that resulted in Mr. Cadavil's employment termination and criminal prosecution. Upon information and belief, JOHN'S ISLAND feared that BERNARD would participate in Yanick's prosecution of a civil claim against JOHN'S ISLAND arising out of the sexual harassment/assault incident that occurred while Yanick and BERNARD were employees of JOHN'S ISLAND.

28. As a direct and proximate result of the intolerable, intentional and premeditated discriminatory and retaliatory acts committed by JOHN'S ISLAND in terminating BERNARD's employment, BERNARD has been damaged.

29. BERNARD's damages include her lost back pay and future pay, future pecuniary losses, medical costs and expenses,

emotional and physical pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of like and other non-pecuniary losses. These damages are sought pursuant to Title VII.

**WHEREFORE**, BERNARD demands a judgment against JOHN'S ISLAND for back and front pay, compensatory damages, punitive damages, attorney's fees, costs, pre-judgment and post-judgment interest, injunctive relief in the form of reinstatement by JOHN'S ISLAND to the position that BERNARD occupied as of March 21, 2003, and any and all further relief that this Court deems just and proper.

Dated: 12/10/03

>       MANZINI & ASSOCIATES, P.A.
>       Attorneys for Plaintiff
>       Alfred I. duPont Building, Suite 1500
>       169 East Flagler Street
>       Miami, Florida 33131
>       Telephone Number: (305) 577-9903
>       Fax Number: (305) 577-6121
>
>       By: _____
>           NICOLAS A. MANZINI, ESQ.
>           Fla. Bar No: 248827

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Roselene Bernard<br>2308 S. 9th Street<br>Fort Pierce, FL 34981 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2003-03660 | Debrick Slater,<br>Investigator | (305) 530-6047 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*
Federico Costales,
Director

DEC 0 4 2003
*(Date Mailed)*

Enclosure(s)

cc: John's Island Club
c/o Tracey L. Ellerson, Esq.
Akerman Senterfitt
Attorney AT Law
Citrus Center, 17th Floor
255 S. Orange Avenue
Orlando, FL 32801-3483

Nicolas A. Manzini, Esq.
Law Offices
Manzini & Associates, P. A.
Alfed I. DuPont Building
Suite 1500
169 East Flagler Street
Miami, FL 33131-1231

EXH. "1"

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE LYNCH**

**I (a) PLAINTIFFS**
Rosalene Bernard

**DEFENDANTS**
John's Island Club, Inc., a Florida corporation

**03-14373 CIV-MIDDLEBROOKS**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: St. Lucie
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Indian River
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Nicolas A. Manzini, Esq., Manzini & Assoc.
169 East Flagler St., - #1500, Miami, FL 33131  (305) 577-9903

ATTORNEYS (IF KNOWN) Tracey L. Ellerson, Esq.
Akerman Senterfitt, Citrus Center,
17Th Floor, 255 S. Orange Ave.
Orlando, FL 32801

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, (INDIAN RIVER), OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated of Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 2000e

IVa. 3 days estimated (for both sides) to try entire case

Middlebrooks
2:2003 cv 14373

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | A PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 840 Trademark | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 195 Contract Product Liability | | A LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | B PRISONER PETITIONS | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor Management Reporting & Disclosure Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General * | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 535 Death Penalty | | ☐ 890 Other Statutory Actions * A or B |
| | | ☐ 540 Mandamus & Other * | | |
| | | ☐ 791 Employee Ret. Inc. Security Act B | | |
| | | ☐ 550 Civil Rights * A or B | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☐ CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
☒ Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): N/A   JUDGE _____   DOCKET NUMBER _____

DATE 12/10/03   SIGNATURE OF ATTORNEY OF RECORD _Nicolas A. Manzini_

UNITED STATES DISTRICT COURT
S-F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 221514   Amount $ 150.00
Date Paid: 12-10-03   M/fp: _____